Mr. Meredith Ratcliff Prosecuting Attorney Adair County Post Office Box 422 Kirksville, Missouri 63501
Dear Mr. Ratcliff:
This opinion is in response to your request on the following questions.
 "1. Are the employees in a county collector's office employees of the county?
 2. Is it the responsibility of the county to furnish workmen's compensation insurance coverage for those employees in the County Collector's office?
 3. What is the responsibility of the County Collector as to the issue of workmen's compensation coverage for those employees in his office?"
Adair County is a third class county. We understand that the opinion request is made because the workmen's compensation insurer has raised the question as to whether the personnel in the collector's office are county employees.
Section 287.020, RSMo Supp. 1975, of the Missouri Workmen's Compensation Law, provides in part as follows:
 "The word `employee' as used in this chapter shall be construed to mean every person in the service of any employer, as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election, including executive officers of corporations. . . ."
A county comes within the definition of employer under Section287.030.1(2), RSMo Supp. 1975.
The duties, requirements for bond, and certain regulations pertaining to the county collector and deputies are set out in Chapter 52, RSMo. Section 52.300, RSMo, provides that collectors may appoint deputies, may revoke such appointments at their pleasure, may require bonds or other securities from such deputies to secure themselves, and that each deputy shall have like authority to that of the collector to collect taxes levied or assessed within the portion of the county, town, district or city assigned to him. It also provides that each collector shall be responsible to the state, county, towns, cities, districts and individuals, companies, corporations, as the case may be, for all monies collected, and for every act done by any of his deputies while acting as such, and for any omission of duty of such deputy.
Section 52.020, RSMo, provides that in third and fourth class counties the county court may require the county collector to deposit daily all collections of money in the depositaries selected by the county court in accordance with the provisions of Sections 110.130 and 110.150, RSMo.
Section 52.280, RSMo, permits the collector to retain for payment of deputy and clerical hire a sum not to exceed 70% of the maximum amount of fees and commissions which the officer is permitted to retain, but payment for the deputy and clerical hire is payable out of fees and commissions earned and collected by the officer only, and not from general revenue.
In Attorney General Opinion No. 288, April 29, 1970, to Allen S. Parrish, a copy of which is enclosed, the collector, his deputy and clerical hire were considered to be county employees; and payment by the collector of wages to deputy and clerical personnel from the amount the collector is authorized to retain for deputy and clerical hire under Section 52.280 was considered to be payment by the county insofar as social security was concerned. However, the county collector was held not to come within workmen's compensation coverage in Opinion Letter No. 253, October 31, 1974, to A. J. Seier, a copy of which is enclosed.
As in the case of social security, the payment by the collector of wages to deputy and clerical personnel from the amount the collector is authorized to retain for deputy and clerical hire under Section 52.280 would be considered to be payment by the county.
It appears that the conditions of the definition of "employee", quoted above, have been satisfied and that the deputies and clerical hire of the county collector are employees of the county. It is the county collector's responsibility to hire and manage them. Therefore, we believe that the reasoning of Opinion No. 288-1970, above, as it pertains to such deputy collectors or clerical hire, is applicable here.
With regard to your specific questions, it is our opinion that:
 (1) The employees in the county collector's office are employees of the county;
 (2) Since Adair County is furnishing workmen's compensation coverage by insurance the insurance afforded should cover employees in the county collector's office;
 (3) The fixing of responsibility on the county to include the employees in the county collector's office for coverage under the county's workmen's compensation insurance policy renders moot any question of responsibility of the county collector for such insurance for the employees in his office.
When we consider the circumstances that prompted the request for this opinion, it appears important that the workmen's compensation insurer for Adair County be informed of the opinion. Therefore it is suggested that a copy of the opinion be furnished to the insurer. You should require the insurer to acknowledge in writing that employees in the county collector's office are included in the insurance policy for Adair County.
CONCLUSION
It is the opinion of this office that employees in the office of county collector of a third class county are county employees for the purposes of workmen's compensation coverage under Chapter 287, RSMo.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Carroll J. McBride.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 288 4/29/70, Parish
 Op. Ltr. No. 253 10/31/74, Seier